**Order Filed on March 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: 22-18206 |
| **BRIAN LYLES,** | Chapter: 13 |
| Debtor. | Hearing Date: January 26, 2023 |
| | Judge: John K. Sherwood |

## OPINION RE: DEBTOR'S MOTION TO RECLASSIFY CLAIM

Brian Lyles ("Debtor") filed this motion to modify the claim filed by Bank of America, the mortgage holder on his property located at 316 Garfield Avenue in Jersey City ("Property"). The Debtor contends that the Property is worth $240,000. Bank of America's claim is $677,612.58 under the note and mortgage on the Property. Because the Property is worth less than the value of Bank of America's claim, the Debtor wishes to bifurcate the claim to $240,000 of secured debt and $437,612.58 of unsecured debt. The issue in this case is whether the Debtor may do so in spite of the Chapter 13 anti-modification provision in § 1322(b)(2), which does not allow modification of claims secured only by a debtor's principal residence.

The Debtor argues that he should not be bound by the anti-modification provision for two reasons: (i) the Property was not used as his principal residence; and (ii) Bank of America's claim is also secured by rents, easements, appurtenances, fixtures, replacements, and additions. Contrary to the Debtor's argument, the definition of "principal residence" in the Code includes rents, easements,

Case 22-18206-JKS    Doc 48    Filed 03/17/23    Entered 03/17/23 14:48:19    Desc Main
Document    Page 2 of 7

Page 2
Debtor:         Brian Lyles
Adv. Pro.:      22-18206
Caption of Order: **OPINION RE: DEBTOR'S MOTION TO RECLASSIFY CLAIM AS PARTIALLY UNSECURED**

appurtenances, fixtures, replacements, and additions. However, because the Debtor no longer lives in the Property and was only obligated to use the Property as his principal residence for one year, the Property is not his principal residence. Therefore, the Debtor is permitted to bifurcate Bank of America's claim.

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey. This matter is a core proceeding pursuant 28 U.S.C. § 157(b)(2)(A) and (K). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## FACTS AND PROCEDURAL BACKGROUND

On March 18, 2010, the Debtor executed and delivered a note to Residential Home Funding Corp. in the original principal amount of $342,678. [ECF No. 29-5, p. 18]. The Debtor also executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc.; the mortgage was recorded in the Hudson County Register of Deeds. The note and mortgage were assigned to Bank of America. [ECF No. 29-5, pp. 21-22].

The mortgage contained an occupation provision, which provided that "[the Debtor] shall occupy, establish, and use the Property as [the Debtor's] principal residence . . . and shall continue to occupy the Property as [the Debtor's] principal residence for at least one year . . . ." [ECF No. 29-5, p. 24]. The mortgage was secured by the Property, as well as all easements, appurtenances, fixtures, replacements, or additions. The mortgage also contained an assignment of rents provision, which specified that "[the Debtor] unconditionally assigns and transfers to [l]ender all the rents and revenues of the Property." [ECF No. 29-5, pp. 23, 27]. The Property is a two-family house in very poor condition and appears to be unoccupied. [ECF No. 29-4].

Page 3
Debtor:         Brian Lyles
Adv. Pro.:      22-18206
Caption of Order:   **OPINION RE: DEBTOR'S MOTION TO RECLASSIFY CLAIM AS PARTIALLY UNSECURED**

---

The Debtor filed a Chapter 13 petition on October 16, 2022. [ECF No. 1]. On December 22, Bank of America filed a proof of claim reflecting that the total sum of $677,612.58 was due under the note and mortgage. [ECF No. 29-5]. On December 23, the Debtor moved to modify the claim to $240,000 of secured debt and $437,612.58 of unsecured debt under 11 U.S.C. § 1322(b)(2). [ECF No. 29-1, ¶ 6]. The Debtor alleged the mortgage is not secured only by the Debtor's principal residence and, therefore, Bank of America's claim may be bifurcated. [ECF No. 29-1, ¶¶ 4-5]. On January 19, 2023, Bank of America submitted a brief in opposition. [ECF No. 40]. Following a hearing on the matter on January 26, 2023, parties submitted supplemental briefs. [ECF Nos. 42-6, 43-1].

## ANALYSIS

As a general matter, a secured creditor is only secured up to the value of its collateral. When the amount of the claim is greater than the value of the collateral, the claim is undersecured and at risk of being "crammed down" to the value of the collateral. *See* 11 U.S.C. § 506, *In re Ferandos*, 402 F.3d 147, 151 (3d Cir. 2005). A debtor in bankruptcy may thus modify or bifurcate the claims of undersecured creditors. However, the Chapter 13 anti-modification provision precludes debtors from modifying claims "secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). The 2005 amendments to the Code added definitions for "principal residence" and "incidental property" to § 101. Pub. L. 109-8, § 306(c), 119 Stat. 23 (2005). Under § 101(13A), a debtor's principal residence is "a residential structure if used as the principal residence by the debtor, including incidental property." Pursuant to § 101(27B), incidental property includes easements, appurtenances, fixtures, replacements, additions, and rents.

When deciding whether a Chapter 13 debtor may modify a secured creditor's claim, the Court considers the plain language of § 1322(b)(2) and the mortgage document. *See In re Scarborough*, 461 F.3d 406, 411-12 (3d Cir. 2006). In *Scarborough*, the Third Circuit allowed a debtor to modify a secured

Page 4
Debtor: Brian Lyles
Adv. Pro.: 22-18206
Caption of Order: **OPINION RE: DEBTOR'S MOTION TO RECLASSIFY CLAIM AS PARTIALLY UNSECURED**

---

claim on a multi-unit dwelling, where one unit was the principal residence and one unit was used to generate income through rent payments. It did so because the claim was partially secured by rent payments and was, therefore, not secured only by the debtor's principal residence. *Id.* at 414. However, the debtor in *Scarborough* filed for bankruptcy before the 2005 amendments to the Bankruptcy Code that added the definitions of "principal residence" and "incidental property" in §§ 101(13A) and 101(27B). Therefore, when it decided *Scarborough*, the Third Circuit did not have an opportunity to apply these newly added definitions to the Chapter 13 anti-modification provision in § 1322(b)(2).

The bankruptcy court in *In re Wissel* addressed whether the *Scarborough* analysis was still viable in the wake of the 2005 amendments to the Code. The court first found that *Scarborough's* rule that debtors could not modify "mixed use collateral" no longer bound the court. The court then determined, based on §§ 101(13A) and (27B), that a debtor may modify a claim only (i) where a debtor's mortgage was secured by additional items that were not incidental property, or (ii) where the property was not a debtor's principal residence. *In re Wissel*, 619 B.R. 299, 312-13 (Bankr. D.N.J. 2020). This Court adopts the same rule to determine whether the Debtor can modify Bank of America's claim.

Bank of America's claim was secured by the Property and incidental property under § 101(27B). The fact that the mortgage agreement provides that Bank of America's claim is secured not only by real property but also a variety of additional items does not overcome the anti-modification provision of § 1322(b)(2). The mortgage is secured by easements, appurtenances, fixtures, replacements, and additions. It is also, by virtue of the rent assignment provision, secured by rents. As noted above, rents, easements, appurtenances, fixtures, replacements, and additions all appear in § 101(27B) of the Code as incidental property. The Debtor has not shown that Bank of America's mortgage was secured by anything other than real and incidental property.

Page 5
Debtor:         Brian Lyles
Adv. Pro.:      22-18206
Caption of Order:    **OPINION RE: DEBTOR'S MOTION TO RECLASSIFY CLAIM AS PARTIALLY UNSECURED**

---

But, the Debtor may bifurcate Bank of America's claim under § 1322(b)(2) because the mortgage is not secured by his principal residence. The Debtor alleges the Property is not and never was his principal residence.[1] The Court is bound by *Scarborough's* direction to turn to the mortgage agreement at the time it was executed to determine whether the Property was to be used as a principal residence. 461 F.3d at 412 (quoting *In re Bulson*, 327 B.R. 830, 846 (Bankr. W.D. Mich. 2005) ("[T]he critical moment is when the creditor takes a security interest in the collateral. . . . '[I]t is therefore at that point in time that the lender must know whether the loan it is making may be subject to modification in a Chapter 13 proceeding at some later date.'"). Here, the text of the mortgage agreement is clear that the Debtor was obligated to use the Property as his principal residence for only one year.

Bankruptcy courts vary in their treatment of one year occupancy provisions in mortgage agreements. A recent decision by a bankruptcy court in this Circuit considered whether a debtor who had a one-year occupancy clause in his mortgage agreement could modify the mortgage on his home.[2] The debtor moved out of the property six years after executing the mortgage agreement and before he filed for bankruptcy. Despite that, the bankruptcy court found that, because the debtor and the lender "understood and contractually agreed" that the debtor would use the property as his principal residence for a year, the property remained the debtor's principal residence even after the one-year period expired and even though the debtor was not using the property as his principal residence when the bankruptcy case was filed. *In re Bishawjit Saha*, 2023 WL 2144437, at *4. Thus, the court in *Saha* established a bright line rule that if a property was to be used as a debtor's principal residence for any period of time under the mortgage

---

[1] In his initial motion papers, the Debtor stated he did not live at the Property at the time of filing his Chapter 13 petition. [ECF No. 29-2, p. 4]. In his supplemental brief, the Debtor stated he "did not live in the premises at all." [ECF No. 42, p. 2].

[2] The Debtor also indicated in the mortgage agreement that he intended to use the property as his principal residence. *In re Bishawjit Saha*, No. 22-15419, 2023 WL 2144437, at *4 (Bankr. D.N.J. Feb. 21, 2023)

Page 6
Debtor:  Brian Lyles
Adv. Pro.:  22-18206
Caption of Order:  **OPINION RE: DEBTOR'S MOTION TO RECLASSIFY CLAIM AS PARTIALLY UNSECURED**

---

documents, it would remain as such for § 1322(b)(2) purposes for the life of the mortgage. And, this remains the case even if the time period has passed and the debtor has moved to another residence.

Another bankruptcy court allowed a debtor to modify a mortgage where the mortgage instrument contained a one-year occupancy clause. In *In re Roemer*, the debtor's deed of trust required that the debtor use the property as her principal residence for one year. About two years after executing the deed of trust, the debtor moved out of the property. Subsequently, the debtor filed her Chapter 13 petition. *In re Roemer*, 421 B.R. 23, 24 (Bankr. D.D.C. 2009). The bankruptcy court found that the debtor and the lender entered into an agreement where the property was the debtor's principal residence for one year, after which, it could "permissibly" stop being the debtor's principal residence. Consequently, the bankruptcy court held the property was not the debtor's principal residence at the time she filed her bankruptcy petition and allowed the debtor to modify the lender's claim. In its reasoning, the Court noted that its decision was consistent with the policy behind § 1322(b)(2) – protection of the home lending market – and *Scarborough's* directive to focus on the mortgage documents at the time of execution. *Id.* at 26-27.

The Court finds that the analysis in *Roemer* is more persuasive, especially under the facts presented here. The Court must consider the debtor's and the lender's expectations at the time the mortgage agreement was executed. *Scarborough*, 461 F.3d at 412. Here, the parties bargained for the Debtor to use the Property, a two-family home, as his principal residence for one year. It was foreseeable that the Debtor would not use the Property as a principal residence for longer than that. The pivotal facts are that the Debtor signed his mortgage agreement more than a year before he filed his bankruptcy case and that, when he filed his bankruptcy case, he did not live in the Property. Therefore, the Property is not the Debtor's principal residence, and the Debtor may bifurcate Bank of America's claim.

Debtor:          Brian Lyles
Adv. Pro.:       22-18206
Caption of Order: **OPINION RE: DEBTOR'S MOTION TO RECLASSIFY CLAIM AS PARTIALLY UNSECURED**

---

## **CONCLUSION**

Because the Property was not the Debtor's principal residence under §§ 1322(b)(2) and 101(13A), the Debtor is permitted to modify Bank of America's claim. Bank of America has reserved the right to challenge the Debtor's valuation. The amounts of its secured and unsecured claims still need to be determined.

An Order consistent with this Opinion is being entered by the Court.

**DATED: March 17, 2023**

_____
Honorable John K. Sherwood
United States Bankruptcy Court